UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------X
ADLY MILEK,

                               Plaintiff,     Index No.

     -against-                   **COMPLAINT**

                                             **PLAINTIFF DEMANDS**
                                             **A TRIAL BY JURY**

EJE Retail LLC, and OMAR (LAST NAME
UNKNOWN), in his individual capacity,

                               Defendants.
----------------------------------------X

    Plaintiff, Adly Milek, by and through his attorney, Slater Slater Schulman LLP, submits the following Complaint and complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action to seek redress for Defendants' violation of Plaintiff's federal rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 623, et seq and the New Jersey Law Against Discrimination ("NJLAD"). Defendants discriminated against the Plaintiff based upon his age.

## JURISDICTION AND VENUE

2. This action involves a question under Federal Law under the Age Discrimination in Employment Act ("ADEA").

3. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under the ADEA. The Court also has supplemental jurisdiction over the State causes of action.

4. Venue is proper in this District based upon the fact that Defendants own and operate EJE Retail, LLC. within Essex County, New Jersey, within the District of New Jersey. Additionally, the events and actions giving rise to this Complaint took place within Essex County, in the District of New Jersey.

5. On or around September 1, 2020, Plaintiff filed a charge with the EEOC against Defendant EJE Retail, LLC.
6. On or around April 7, 2022, Plaintiff received a Right to Sue Letter from the EEOC.
7. Plaintiff exhausted his administrative duties and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## THE PARTIES

8. Plaintiff is an individual male who resides in Jersey City, New Jersey.
9. Defendant EJE Retail LLC (hereinafter "EJE") is a duty and tax-free specialty shop.
10. Upon information and belief, Defendant EJE solicits business within the state of New Jersey.
11. Upon information and belief, Defendant EJE derive substantial revenue from services rendered in the State of New Jersey.
12. Defendant is a covered employer within the meaning of the NJLAD (N.J.S.A. § 10:5-12) and ADEA.
13. Defendant Omar (Last Name Unknown) was Defendant's manager and upon information and belief had hire and fire authority.

## FACTS

14. At all times relevant hereto, Plaintiff is an individual male, residing in Jersey City, New Jersey.
15. Plaintiff is a member of a protected class as he is sixty-six (66) years old.
16. At all times relevant hereto, Defendant knew of Plaintiff's protected status due to his age.
17. Defendant was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New Jersey.
18. Defendant hired Plaintiff on or around January 2014 as a "runner."
19. Defendants promoted Plaintiff to a "sales and customer service representative."
20. Up until the time Defendant wrongfully discharged Plaintiff, Plaintiff had performed duties and functions as a runner and customer service representative for about six years in an outstanding fashion.
21. During the approximate six-year period in which Defendant employed Plaintiff, Plaintiff had never been the subject of any formal or informal disciplinary action and

had never been the subject of any complaint.

22. Throughout Plaintiff's employment, Defendants discriminated against Plaintiff on the basis of age on several occasions.

23. On several occasions Defendant's agents told Plaintiff, "**You are in your sixties, maybe retirement is the best for you**."

24. Defendant's supervisor John (Last Name Unknown) ("John") regularly referred to Plaintiff as "**Dad**," referencing Plaintiff's age.

25. During the height of the COVID-19 pandemic in or around March 2020, Defendant sent all of its employees home per State of New Jersey law.

26. In or around March 2020, Defendant's Manager Omar (Last Name Unknown) ("Omar") told Plaintiff, "**You are not returning because you cannot turn your neck and you are of retirement age**."

27. Shortly after this discriminatory comment, Defendant terminated Plaintiff on June 25, 2020, under the guise of a disruption to the global economy due to the pandemic.

28. However, this was purely pretext. Shortly thereafter, Defendant replaced Plaintiff with a worker who is twenty (20) years old.

29. Upon information and belief, Respondent sent severance letters to most of its employees over the age of forty (40).

30. Claimant is aware of one twenty (20) year old former co-worker who was given a severance and then asked to return to his employment.

31. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

32. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff to on an ongoing basis.

33. Defendants intentionally discriminated against Plaintiff based on his age.

34. Defendants exhibited a pattern and practice of age discrimination.

## AS FOR THE FIRST CAUSE OF ACTION

*(A.D.E.A – Not Against Any Individual Defendant)*

35. Plaintiff repeats, reiterates and realleges each of the allegations contained in Plaintiff's complaint as if more fully realleged and set forth in length herein.

36. At all relevant times, Plaintiff was an employee within the meaning of the ADEA.

37. At all times relevant, Defendant is an employer under the definition of the ADEA, 29 U.S. Code § 630, and was Plaintiff's employer.

38. Pursuant to 29 U.S. Code § 623, an employer may not discriminate against any employee because of such employee's age.

39. Pursuant to 29 U.S. Code § 631, Plaintiff is age sixty-six (66) and is a member of a protected class.

40. Defendant's agents consistently referenced Plaintiff's age by referring to him as "**Dad**," and telling Plaintiff, "**You are in your sixties, maybe retirement is best for you**."

41. Through the acts and omissions of Manager Omar and Supervisor John, supervisors with authority to hire, fire and discipline employees, Defendant discriminated against Plaintiff on account of his age.

42. Defendant terminated Claimant on June 25, 2020, under the guise of a disruption to the global economy because of the Coronavirus pandemic.

43. Shortly thereafter, Defendant replaced Plaintiff with a worker who was twenty (20) years old.

44. Upon information and belief, Defendant sent severance letters to most of its employees over the age of forty (40).

45. Defendant employer violated the ADEA by discriminating against Plaintiff due to his protected age of sixty-six (66) years of age.

## AS A SECOND CAUSE OF ACTION UNDER
## NEW JERSEY STATE LAW

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. New Jersey's Law Against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of age to refuse to hire or employ or to bar or discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

48. Defendants engaged in unlawful discrimination by discriminating against Plaintiff as set forth herein.

49. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New Jersey's Law Against Discrimination.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

52. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

53. As such, Plaintiff has been damaged as set forth herein.

**JURY DEMAND**

The Plaintiff demands that the foregoing causes of action be tried before a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, ADLEY MILEK, demands judgment against Defendants in an amount to be determined at trial plus interest, including, but not limited to, all emotional distress, back pay and front pay, punitive damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Melville, New York
          May 31, 2022

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr.
445 Broadhollow Road, Suite 419
Melville, New York 11747
6314209300
*Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.